*Law Library*

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

vs.

WILLIAM M. CALHOUN,

                              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CM0352-12

DECISION AND ORDER

This matter came before the HONORABLE VERNON P. PEREZ on January 9, 2013. Attorney Randall Cunliffe appeared representing Defendant, who was present. Attorney James Collins appeared on behalf of the Government. Having reviewed the pleadings, record and the arguments presented, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant is charged with driving while under the influence. In support of its case, the Government plans to present evidence of a checkpoint traffic stop of the Defendant. Defendant now moves to exclude evidence of the checkpoint arguing that the DWI checkpoint was in violation of the Fourth Amendment. *See* Motion to Suppress filed on November 23, 2012.

### DISCUSSION

Defendant argues that the his blood alcohol content (hereinafter "BAC") from the breathalyzer test cannot be used at trial without a showing that the DWI checkpoint, used to initially stop Defendant, was properly operated and not a completely discretionary stop of the Defendant. Defendant desires that this Court make a ruling that the Police violated Defendant's right against unreasonable search and seizure and cites to *Delaware v. Prouse*, 440 U.S. 648 (1979) for support.

The Government contends that Defendant's arguments fail because checkpoints are generally constitutional and all proper guidelines provided in TIS 91-45 were complied with. The Government claims that it has satisfied TIS 91-45 and no evidence should be suppressed.

Finally, the Government contends that TIS 91-45 provides all necessary guidelines to operate a DWI checkpoint on Guam and that new guidelines for each checkpoint is not a requirement.

Defendant's argument also call into question whether TIS 91-45 was complied with in the operation of the DWI checkpoint at issue here. First, the Court would like to acknowledge that written guidelines exist on Guam to assist in the operation of traffic checkpoints, however old they may be. Second, the Court would like to address the application of those guidelines on April 6, 2012. From reviewing TIS 91-45 the Court has identified key points to the proper operation of a DWI checkpoint on Guam. For the most part, the Court has reviewed the specific requirements in TIS 91-45 below and found them to be satisfied. Some of the arguments by Defendant highlighted more concerning requirements of TIS 91-45 and a discussion of those key points is below. Defendant described the guidelines as such: 1) be approved by the ACOP prior commencement of the checkpoint, 2) specific signing and safety equipment, 3) specify the method of selecting vehicles, 4) provide operational briefing before each checkpoint, 5) specify dialogue and educational materials to be used by checkpoint personnel, 6) provide for the safe and expeditious removal of vehicles to a pre-determined area, and 7) public reaction to the use of sobriety checkpoints. *See* Defendant's Reply. Other than the points of discussion below, the Court is confident that the Police acted appropriately in the preparation and operation of the DWI checkpoint on April 6, 2012.[1]

**Planning of Location and Safety**

At the January 9, 2013 hearing for this motion, the Court heard evidence the Police organized in advance and made plans for the checkpoint at issue here. The Police Officers and volunteers to be present at the checkpoint met at the Tiyan precinct for a briefing before the checkpoint would me initiated. The Officers in charge assigned people to specific tasks and made sure the proper equipment was acquired for the checkpoint. *See* Witness Testimony on January 9, 2013. Officer Santo Thomas also mentioned that depending on weather and traffic density, the checkpoint may be paused or adjusted to ensure Officer safety and a minimal

---

[1] While Defendant argues at one point that there was no approval by the Assistant Chief of Police (ACOP), it is clear from officer testimony that there was such approval. *See* Hearing Transcript on January 9, 2013.

amount of intrusions or motorist inconvenience. *Id.* Furthermore, the stops were random as Officer Santo Thomas testified that a number between three and seven is selected to randomly stop vehicles. *Id.* at 2:26 p.m.. Of course, the police were still ready to stop any vehicle with a visible violation even if it was not the projected random vehicle. The requirements for signs, cones and six uniformed police officers were also complied with. *Id.* Therefore, planning of an objective location and the requirement for safety considerations were both fulfilled at the specific checkpoint at issue in this case.

**Adequate Warning**

Defendant does make a strong argument that the requirement for publicity for checkpoints was hardly met in this case. Defendant's main point is that the publication is too broad and too vague to allow for proper notice to the People of Guam. The actual publication explained that checkpoints would be held between "Thursday at 9p.m. through Sunday at 2a.m....along Route 1 from Naval Station to Anderson Air Force Base". The publication also explained that Routes 4, 10, 8, 16 and 14 would also be subject to potential DWI checkpoints. *See* Attachment to People's Opposition. While the Court agrees that the publication is vague and mentions broad stretches of road over a near four day time frame, the Court is not convinced that the notice fails to prepare the People of Guam for potential imminent checkpoints. The applicable guidelines only require that an "adequate" warning be provided to the People of Guam. TIS 91-45 (V)(E). The Court concludes that the publication preceding the checkpoint in this case was adequate.

**After-Action Report**

Defendant's final argument rests on the lack of an after-action report. The Court listened to the audio recording of the January 9, 2013 hearing for confirmation and the Police Department did complete and after-action report in compliance with TIS 91-45. Witness Testimony on January 9, 2013 at 2:33p.m.. Thus, the Defendant's argument that no after-action report was completed fails and it appears all requirements for the checkpoint were fulfilled.

The Court does recognize that the guidelines for Guam's DWI checkpoints are more than 20 years old. However, there has been no mention or any law that the Court can cite to in

order to conclude that old guidelines violate the 4th Amendment. The Court does wish, however, that the Guam Police Department contemplate updating TIS 91-45 to account for recent traffic considerations. Finally, Defendant's arguments, as a whole, fail to convince the Court that the specific DWI checkpoint designed and operated by the Guam Police Department violated the Defendant's right against unreasonable search and seizure. The Court is not confident that a single detour, or several small detours, of TIS 91-45 would violate the Constitution. Here, there are no violations of TIS 91-45 and the Court finds no rationale sufficient enough to warrant suppression.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Suppress. The Parties will return for a Criminal Trial Setting on March 11, 2013 at 10:00a.m..

So **ORDERED** this 1st day of March, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

MAR 1 2013

Therese M. Blas
Deputy Clerk, Superior Court of Guam

/ /

/ /

/ /

*People v. Calhoun,*
Decision and Order
Civil Case No. CM0352-12                    - Page 4 of 4 -